**Charles Dennis SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45745.**

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

Harvey Hartman, Houston (on appeal), for appellant.

Carol S. Vance, Dist. Atty., and William O. Olsen, Jr., Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from an order revoking probation.

On November 30, 1970, appellant entered a plea of guilty to the offense of unlawful possession of a narcotic drug, to-wit: marihuana. The trial court found him guilty of such offense and assessed his punishment at five years, probated. One of the terms and conditions of probation was that he "commit no offense against the laws of this or any other state or the United States."

On September 27, 1971, motion to revoke appellant's probation was filed alleging that he did, on or about the 4th day of May, 1971, commit the offense of felony theft.

 On December 6, 1971, a hearing was held on the motion and appellant contends that the evidence adduced at such hearing was insufficient to support the motion to revoke his probation, hence an abuse of discretion by the trial judge was exercised in relying upon such evidence.

The evidence shows that an automobile was stolen from a parking lot in Houston on May 4, 1971. On May 5, 1971, appellant was seen by Witness Meineke driving that automobile in Highlands, Texas. Later that same date (May 5, 1971) Witness Meineke saw him removing the front wheels from the car. He told the witness that the car belonged to him. Upon inquiry as to why he was removing the front wheels, appellant replied that he was "hocking" them to get a buddy out of jail.

Appellant's unexplained possession[1] of recently stolen property is sufficient to support the revocation. No abuse of discretion has been shown.[2]

The order revoking probation is affirmed.

---

1. We do not consider the statement to the witness a sufficient explanation.

2. The record reflects that a motion for bond reduction was filed in the trial court during the pendency of this appeal. The trial court denied the motion and no error is shown by such ruling. In any event, the matter is now moot in light of our disposition of the case.